TAYLOR, J.

ON MOTION FOR REHEARING

We grant the motion for rehearing, withdraw our prior opinion, and substitute the following in its place.
Carmen A. Gancedo and Antonio Lopez Camino filed a mortgage foreclosure action against Sylvia Del Carpió and her then husband, Rafael J. Del Carpió. The trial court granted summary judgment in favor of Sylvia Del Carpió, based on Sylvia’s rescission of the mortgage for Gancedo’s failure to provide her with certain disclosures required by the federal Truth in Lending Act (TILA). Gancedo and Cami-no appeal, arguing that they had no TILA disclosure obligations to Sylvia because she had no ownership interest in the property at the time of the mortgage execution and thus could not invoke the protection of TILA. We disagree and affirm.
On April 12, 2005, Gancedo loaned $60,000 to Rafael. To secure the loan, Rafael gave Gancedo a second mortgage on residential property titled solely in his name. The mortgage was executed by both Rafael and Sylvia. However, the note was signed only by Rafael. When the mortgage was executed, Gancedo did not provide either Rafael or Sylvia Del Carpió with certain disclosures required by TILA. Rafael defaulted on the note and mortgage, and Gancedo filed this mortgage foreclosure action on August 6, 2008. On December 20, 2006, Sylvia purportedly exercised her right to cancel the transaction. She asserted she was entitled to TILA’s extended three-year time period for cancellation because she was not given the necessary TILA disclosures. As discussed below, she was entitled to these disclosures if she had an ownership interest in the property.
TILA is a federal statute that regulates the terms and conditions of consumer credit. In re Williams, 291 B.R. 636, 643 (E.D.Pa.2003). TILA’s purpose is to promote the informed use of credit by “consumers.” Id. (quoting 15 U.S.C. § 1601). Through its enactment, Congress sought to assure a meaningful disclosure of credit terms so that the “consumer” would be able to compare more readily the various credit terms available and avoid the uninformed use of credit. Id. (quoting 15 U.S.C. § 1601(a)).
In 15 U.S.C. § 1604, Congress authorized the Federal Reserve Board to prescribe regulations to carry out the purposes of TILA. “Pursuant to this authority, the Federal Reserve Board promulgated ‘Regulation Z’ which is located in 12 C.F.R. pt. 226.” Id. (quoting Rossman v. Fleet Bank (R.I.) Nat’l. Ass’n., 280 F.3d 384, 389 (3d Cir.2002)). Absent some “obvious repugnance” to the statute, Regulation Z “should be accepted by the courts, as should the Board’s interpretation of its own regulation.” Id. (quoting Anderson Bros. Ford v. Valencia, 452 U.S. 205, 219, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981)).
The issue in this case is whether Sylvia Del Carpió is a “consumer” entitled to disclosures and, failing proper disclosures', an extended cancellation period under Regulation Z. See 12 C.F.R. § 226.23(a) (granting extended right to cancel to “consumers” in the event of non-disclosures); 12 C.F.R. § 226.32 (specifying disclosure requirements to consumer credit transactions secured by the “consumer’s” principal dwelling). The term “consumer,” as used in Regulation Z, is defined by 12 C.F.R. § 226.2(a)(11):
Consumer means a cardholder or a natural person to whom consumer credit is offered or extended. However, for pur *845 poses of rescission under §§ 226.15 and 226.23, the term also includes a natural person in whose principal dwelling a security interest is or will be retained or acquired, if that person’s ownership interest in the dwelling is or will be subject to the security interest.
Section 226.23(a)(1) provides:
§ 226.23 Right of rescission.
(a) Consumer’s right to rescind. (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer’s principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction.
Sylvia concedes that consumer credit was not extended to her, as she was not a signatory to the note. She makes clear that the loan was made only to her husband. Nevertheless, she asserts that she had an “ownership interest” in the home, which would bring her within the definition of the term “consumer.” The record is clear that the Del Carpios were married at the time that the subject mortgage loan transaction was entered into. As such, Sylvia had homestead rights in the property. See Art. X, § 4(c), Fla. Const. We conclude that Sylvia’s homestead rights in the property constituted an “ownership interest” for purposes of TILA. See Parker v. Potter, 2008 WL 4539432 (M.D.Fla. Oct. 8, 2008).
Because Sylvia had an ownership interest in the home at the time the mortgage was executed, she was a “consumer” entitled to TILA disclosures and the extended cancellation period for TILA non-disclosure. The trial court properly granted her motion for summary judgment.

Affirmed.

MAY, J., concurs specially with opinion.
SHAHOOD, GEORGE A., Senior Judge, concurs.